

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
05/17/2010

| | | |
|---|---|---|
| IN RE: § | | |
| GUILLERMO FLORES, JR., *et al*, § | Case No. 09-10109 | |
| Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| JULIE BERTUCA, § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 09-01009 | |
| § | | |
| GUILLERMO FLORES, JR., *et al*, § | | |
| Defendant(s). § | Judge Isgur | |

## **MEMORANDUM OPINION DENYING MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below, the Court denies Plaintiff Julie Bertuca's motion for summary judgment (docket no. 21).

### Background

On March 15, 2010, Plaintiff Julie Bertuca filed a motion for summary judgment that her $210,670.80 state court judgment against Debtors Guillermo Flores, Jr. and Rocio T. Flores should be excepted from discharge. Specifically, Bertuca argues that collateral estoppel bars the relitigation of issues that were decided by the state court judgment. She alleges that the state court judgment constitutes findings of false pretenses, false representations, or actual fraud against Debtors that are sufficient for summary judgment under 11 U.S.C. § 523(a)(2)(A). Debtors did not respond to the motion for summary judgment.

In the underlying state court lawsuit filed in the District Court for the 206th Judicial District of Hidalgo County, Texas, Bertuca sued Debtors for fraud, conversion and violations of the Deceptive Trade Practices and Consumer Protection Act ("DTPA") (docket no. 21-1). Bertuca's claims arose after Bertuca discovered that Debtors resold a piece of real property to

third parties after Debtors had sold the real property previously to four joint purchasers, two of which assigned their property interests to Bertuca (docket no. 21-1). Debtors answered Bertuca's complaint in the state court lawsuit (docket no. 21-3).

In March 2007, Debtors failed to appear in state court for trial. Subsequently, the state court entered a post-answer default judgment against Debtors (docket no. 21-4). Though the judgment itself states that "[t]he court heard the evidence and the arguments of counsel and renders judgment for Plaintiff [Julie Bertuca]," the state court actually granted default judgment *before* hearing any evidence, and the only evidence presented was with respect to damages (docket no. 21-3).

## Summary Judgment Standard

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.[1]

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436

---

[1] Rule 56 was amended, effective December 1, 2007. Although most changes were stylistic, the changes to Rule 56(c) were substantive. Prior to the amendment, Rule 56(c) provided that the Court "shall" grant summary judgment if the relevant criteria were met. Effective December 1, 2007, the word "shall" was changed to "should". The Committee Notes to the 2007 amendment state that the word "[s]hould" was substituted for "shall" to recognize that, "although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 advisory committee's notes (2007). As one commentator noted, "even when a motion for summary judgment is properly made and supported, it need not be granted . . . [s]uch a motion may be granted - indeed, it should be granted - but it does not have to be granted." Bradley S. Shannon, *Should Summary Judgment Be Granted?*, 58 Am. U. L. Rev. 85, 95 (2008).

F.3d 551, 557 (5th Cir. 2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5 th Cir. 2008) ("A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F. 393, 405 (5th Cir. 2003). The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon*, 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *92,203.00*

*in United States Currency*, 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412; *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163–64 (5th Cir. 2006); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

### Collateral Estoppel

Bertuca's state court judgment was entered against Debtors in Texas; therefore, Texas collateral estoppel law applies. *Gober v. Terra + Corp.* (*In re Gober*), 100 F.3d 1195, 1201 (5th Cir. 1996). Under Texas law, collateral estoppel "'bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based on the same cause of action.'" *Garner v. Lehrer* (*In re Garner*), 56 F.3d 677 (5th

Cir. 1995) (quoting *Bonniwell v. Beech Aircraft Corp.*, 663 S.W. 2d 816, 818 (Tex. 1984)), *abrogated on other grounds by In re Caton*, 157 F.3d 1026, 1030 n.18 (5th Cir. 1988). A party is collaterally estopped from raising an issue when: (1) the facts sought to be relitigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case. *Id.* (citing *Bonniwell*, 663 S.W. 2d at 818).

A post-answer default judgment is one "in which the defendant files an answer but does not appear at trial." *Gober*, 100 F.3d at 1204.

> A post-answer default "constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues joined by the defendant's answer." Because the merits of the plaintiff's claim remain at issue, judgment cannot be rendered on the pleadings, and the plaintiff must offer sufficient evidence to meet his burden of proof as if at trial.

*Id.* (quoting *Stoner v. Thompson*, 578 S.W. 2d 679, 682 (Tex. 1979)). Consequently, "issues in a post-answer default judgment are actually litigated for purposes of collateral estoppel and may be given preclusive effect in a subsequent dischargeability proceeding in bankruptcy." *Id.* However, where the state court record fails to indicate that the plaintiff met his burden of proof, the post-answer default judgment cannot have a preclusive effect because the facts were not fully and fairly litigated. *Pancake v. Reliance Ins. Co.* (*In re Pancake*), 106 F.3d 1242, 1244 (5th Cir. 1997). This is true even if the state court judgment incorrectly recites that the judgment was entered following the presentation of evidence. *Id.*

Bertuca's judgment is a post-answer default judgment that may have preclusive effect. However, the judgment on its face is insufficient to show that Bertuca met her burden of proof at trial. It contains no factual findings with respect to Bertuca's claims for fraud, conversion, or DTPA violations. *See Harrison v. Kiwi Servs., Inc.*, 180 Fed. Appx. 485, 486 (5th Cir. 2006)

(affirming a bankruptcy court's grant of summary judgment that excepted certain debts from discharge based on the preclusive effect of a state court post-answer default judgment that made particular factual findings on fraud while acting in a fiduciary capacity). Rather, the judgment merely states that "[t]he [state] court heard the evidence and arguments of counsel and renders judgment for" Bertuca (docket no. 21-4). This "statement alone does not establish that [Debtors] received a full and fair adjudication on the issue[s] . . . ." *Pancake*, 106 F.3d at 1244. Accordingly, Bertuca's judgment does not have a preclusive effect in this dischargeability proceeding.

Furthermore, an examination of the trial transcript shows that the state court announced the post-answer default judgment against Debtors *before* receiving any evidence (docket no. 21-3). Therefore, Bertuca was not granted her state court judgment *after* meeting her burden of proof. This fact highlights that the issues were not fully and fairly litigated in the state court trial and further supports the conclusion that Bertuca's judgment does not have a preclusive effect in this adversary proceeding.

## Conclusion

Bertuca has not brought forth sufficient evidence to show that she is entitled to judgment at trial. Therefore, she has not met her burden of proof for summary judgment. Her motion for summary judgment is denied. A separate order will be issued.

SIGNED **May 14, 2010.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE