

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
09/23/2010

| | | |
|---|---|---|
| IN RE: § | | |
| GUILLERMO FLORES, JR., *et al*, § | Case No. 09-10109 | |
| Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| JULIE BERTUCA, § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 09-01009 | |
| § | | |
| GUILLERMO FLORES, JR., *et al*, § | | |
| Defendant(s). § | Judge Isgur | |

## **MEMORANDUM OPINION**

A debt for fraud is nondischargeable under the Bankruptcy Code, even if the debt is assigned. Julie Bertuca, as a creditor, filed this adversary proceeding against Debtors Guillermo and Rocio Flores to have their debt to her declared nondischargeable under 11 U.S.C. § 523(a)(2)(A). The Flores' debt arose from a fraudulent land sale. One of the original purchasers assigned his claim to Bertuca, and Bertuca sued the Flores and obtained a state court judgment against them. The damages, fees, and costs awarded to Bertuca in the state court judgment are a nondischargeable debt under § 523(a)(2)(A).

### **Findings of Fact**

In late November of 1999, Guillermo Flores and his wife Rocio Flores sold 97.11 acres of land in Hidalgo County, Texas ("The Property") to Flerida Bermea (now Flerida Salinas), Eleazar Salinas, and Michael Saenz ("Purchasers"). Bermea, Salinas, and Saenz paid $50,000 as a down payment. The parties signed a handwritten agreement, drafted by Guillermo, to pay an additional $65,000 over the next year, for a total purchase price of $115,000. Saenz had obtained a cashier's check to make the down payment, but Guillermo refused the cashier's check and

insisted that the Purchasers pay in cash. Because the Purchasers had been friends with Guillermo for years, they trusted him and agreed to the informality of the sale. Guillermo also postdated the purchase agreement to January 5, 2000 so he could avoid paying taxes on the sale for the year 1999. Guillermo told the Purchasers that he would provide a formal deed in January 2000 and that he would have the deed recorded.

Guillermo gave Bermea, Salinas, and Saenz keys to the Property, and the Purchasers began to make improvements. The Purchasers had repairs made to the fences and watermill, and they locked the property. Meanwhile, Guillermo never had a deed to the property recorded. Bermea repeatedly called the Flores' home to inquire about when the deed would be recorded, but neither Rocio nor Guillermo would talk to her. Bermea even tried unsuccessfully to visit the Flores at home. Several months after the purchase, however, Rocio contacted Bermea, offering to return the $50,000 down payment with interest if the Purchasers would return the Property. The Purchasers wanted to keep the property, and they refused Rocio's offer.

The Purchasers visited the Property one day and found that their locks had been broken and replaced. The Purchasers learned that Guillermo and Rocio had sold the Property to Reynaldo Garcia. Reynaldo Garcia paid the Flores $165,000 for the Property, substantially more than the Purchasers had paid. Although Guillermo knew he had already sold the Property to the Purchasers, he accepted payment and legally transferred the Property to Garcia in May 2000.

On June 2, 2000, Michael Saenz sold his interest in the property or in any litigation over the sale of the property to Julia ("Julie") Bertuca. Bertuca paid Saenz $17,469.48, which included a base sum of $16,667 plus interest. Bertuca demanded that Guillermo return the Property to her and the remaining Purchasers, but Guillermo never complied. Guillermo also never returned the $50,000 down payment.

Bertuca sued the Flores in the Hidalgo County District Court and obtained a judgment against Guillermo and Rocio Flores on June 3, 2005. The court awarded $150,000 plus interest, costs, and legal fees to Bertuca. The court awarded Bermea, the Intervenor in the action, $250,000 plus interest, costs, and legal fees. The Flores had sued Michael and Gisela Saenz as third-party defendants. The court ruled in favor of the Saenzes and ordered the Flores to pay the Saenzes' attorney's fees.

On March 10, 2009, the Flores filed for bankruptcy in this Court. Bertuca instituted this adversary proceeding on June 16, 2009, seeking to have the Hidalgo County judgment declared a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A). The Court held a trial on June 21, 2010 in McAllen, Texas. The Court found at trial that Guillermo Flores had intentionally defrauded the Purchasers. Because Bertuca was not one of the original Purchasers, the Court ordered briefing on the issue of whether assignment of a debt affects its nondischargeability under the Bankruptcy Code.

## Nondischargeability Under § 523(a)(2)(A)

The Flores' conduct meets all the elements of fraud under § 523(a)(2)(A): (1) Guillermo and Rocio Flores made representations to the debtors that the Flores would validly and permanently sell the Property to them, and that Guillermo would record the deed to the Property; (2) at the time of the representations, the Flores knew the representations were false; (3) the Flores made the representations with the intent and purpose of deceiving the Purchasers; (4) in light of their history and friendship with the Flores, the Purchasers justifiably relied on the false representations; and (5) the Purchasers sustained the loss of the Property, the loss of their down payment, and other damages as the proximate consequence of the Flores' representations. *See Field v. Mans*, 516 U.S. 59, 74-75 (1995) (establishing justifiable reliance as the required level of

reliance to prove actual fraud under § 523(a)(2)(A)); *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995) (listing the elements of actual fraud under § 523(a)(2)(A)).

All the damages, legal fees, and costs awarded to Bertuca are a nondischargeable debt. *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998) ("[T]he text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that 'any debt . . . for money, property, services, or . . . credit, to the extent obtained by' fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor."). The debt established by the state-court judgment is therefore nondischargeable unless the assignment of the claim affects nondischargeability.

## Assignment of Nondischargeable Claims

The assignment of a debt does not alter its nondischargeability under 11 U.S.C. § 523(a)(2)(A). The Hidalgo County District Court's judgment created a debt to Bertuca for the Flores' fraud. Bertuca's status as an assignee of the claim against the Flores does not change the character of the debt under the Bankruptcy Code.

The trial court determined that the cause of action had been properly assigned under Texas law, and this Court does not revisit that determination. Bertuca has a valid state-court judgment against the Flores. The Court considers only whether the assignment to Bertuca affected the character of the judgment as a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A).

Section 523(a)(2)(A) excepts from discharge "any debt . . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . actual

fraud[.]" Nothing in the text of § 523(a)(2)(A) indicates that assignment of a claim affects whether a debt is "for . . . fraud." *See Cohen*, 523 U.S. at 220 ("'[D]ebt for' is used throughout [§ 523] to mean 'debt as a result of,' 'debt with respect to,' 'debt by reason of,' and the like, see American Heritage Dictionary 709 (3d ed. 1992); Black's Law Dictionary 644 (6th ed. 1990), connoting broadly any liability arising from the specified object[.]"). If a creditor has a legal right to payment as a result of the debtor's fraudulent conduct, the debt falls within the broad terms of § 523(a)(2)(A). No other provision of the Code excludes assignees from asserting claims under § 523(a)(2)(A), and case law supports preserving the nondischargeable character of debts even if they have been assigned.

The nondischargeability of a debt under § 523(a)(2)(A) is determined by the character of the underlying debt. *See Deodati v. M.M. Winkler & Assocs. (In re M.M. Winkler & Assocs.)*, 239 F.3d 746, 751 (5th Cir. 2001) (looking to the underlying character of the debt, which arose from fraud, instead of considering whether the debtor actually received benefits from the fraud). *Cf. Winn v. Holdaway (In re Holdaway)*, 388 B.R. 767, 782 (Bankr. S.D. Tex. 2008) ("The underlying cause creating the pre-petition debt must not be confused with the characterization of debts excepted from discharge."). Nondischargeability does not depend on the identity of the claim holder. If the character of the underlying debt meets the requirements of § 523(a)(2)(A), assignment of the claim does not affect nondischargeability.

Courts have held that assignment does not affect nondischargeability under other provisions of the Bankruptcy Code. The court in *In re Bryer*, for example, held that a debt for criminal restitution was nondischargeable under § 1328(a)(3), even though the town to which the debtor owed restitution had assigned the claim to sureties. 227 B.R. 201, 204 (Bankr. D. Me. 1998). The court cited the Supreme Court's decision in *Pennsylvania Department of Public*

*Welfare v. Davenport*, 495 U.S. 552 (1990). Although *Davenport*'s holding that restitution debts were dischargeable was abrogated by statute, the court said, the case's reasoning was still applicable. "[T]he Supreme Court evaluated whether or not the restitution obligation was a 'debt'. . . . In doing so, the Supreme Court focused on the nature of the debt, and *not* the holder of the claim." *Bryer*, 227 B.R. at 203. Because the language of 11 U.S.C. § 1328(a)(3)—"any debt . . . for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime"—parallels the language of § 523(a)(2)(A), the *Bryer* court's focus on the nature of the claim rather than the identity of the claim holder is also appropriate to a consideration of the nondischargeability of fraud claims.

The court in *Florida v. Ticor Title Insurance Company of California (In re Florida)* similarly held that assignment did not affect nondischargeability under § 523(a)(6). 164 B.R. 636, 640 (B.A.P. 9th Cir. 1994). The court noted that § 523(a)(6) focuses on the nature of the act, not the identity of the claimant. Furthermore, "[t]he assignee of a claim takes the claim with all rights attendant, and therefore the nondischargeable character of the debt in the hands of the original claimant is transferable." *Id.* The language of § 523(a)(6) also parallels the language of § 523(a)(2)(A), so the court's reasoning regarding assignment of willful and malicious injury claims is applicable to fraud claims.

Finally, other courts have assumed, without considering the question, that an assignee could bring a nondischargeability claim. *Griffiths v. Peterson (In re Peterson)*, 96 B.R. 314, 325 (Bankr. D. Colo. 1988) (holding that any judgment recovered by the assignee of the original plaintiff would be nondischargeable under § 523(a)(4)); *FDIC v. Bombard (In re Bombard)*, 59 B.R. 952, 955 (Bankr. D. Mass. 1986) (finding that the debtor's debt to the FDIC, an assignee of the original creditor, was nondischargeable under § 523(a)(2)(A)). *See also In re Woldman*, 92

F.3d 546, 546-47 (7th Cir. 1996) (holding that the debtor was not the fiduciary of the creditor, without considering whether the assignee who brought the adversary proceeding had standing to raise a claim under § 523(a)(4)).

The Flores' debt to Bertuca is properly characterized as a fraud claim. As the Court found at trial, the Flores' debt arose from a fraudulent sale, and therefore it is a debt for fraud under § 523(a)(2)(A). The assignment of part of the Purchasers' claim to Bertuca did not affect the character of the debt, so the debt is nondischargeable.

## Conclusion

Guillermo and Rocio Flores' debt to Julie Bertuca is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

SIGNED **September 22, 2010.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE